**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MARK THOMAS GEIS,** | § | |
| Movant, | § | |
| | § | |
| v. | § | **3:09-CV-2038-M** |
| | § | **(3:06-CR-0223-M(01))** |
| **UNITED STATES OF AMERICA.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an Order of the Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type Case:  This is a motion to vacate, set aside or correct the sentence brought by a federal prisoner pursuant to 28 U.S.C. § 2255.

Parties:  Movant is presently confined within the Federal Bureau of Prisons. He is represented by retained counsel. The court did not order the government to respond.

Statement of the Case:  Movant pled guilty without the benefit of a plea agreement to one-count of conspiracy to traffic in counterfeit goods. *United States v. Geis*, 3:06-CR-0223-M (N.D. Tex. Apr. 26, 2007). Punishment was assessed at sixty months imprisonment, restitution in the amount of $1,500,000, and a supervised-release term of three years. *Id.* Although Movant

filed a notice of appeal, he subsequently withdrew the same after consultation with his counsel.[1]

On October 27, 2009, Movant filed, through retained counsel, the instant § 2255 motion. He alleges trial counsel rendered ineffective assistance prior to and during the guilty plea phase as well as during sentencing. Movant also alleges counsel rendered in effective assistance when he failed to file a notice of appeal. He seeks an evidentiary hearing.

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), establishes a one-year statute of limitations for federal inmates seeking relief under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(f). The court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999). In accordance with *Kiser*, the court advised Movant of the one-year statute of limitations and granted him an opportunity to explain why his case was not barred by the limitations period, or why the statute of limitations should be tolled on equitable grounds. *See* Oct. 30, 2009 Ord. Movant, through retained counsel, filed an affidavit in response to the court's order on November 25, 2009.

Movant concedes his § 2255 was filed more than one-year after his conviction became final under § 2255(f)(1). (*See* § 2255 Mot. at 4.) He argues, however, that he is entitled to equitable tolling of the limitations period. (*Id.*) Specifically, Movant claims that he is innocent of the charges and was coerced by his own attorney and through government's misconduct to plead guilty. (*Id.* at 5.) He further claims that at the time of his criminal proceedings, he was suffering from "mental problems and was taking an unusually heavy dose of Zyprexia, a strong

---

[1] Movant committed the offense in this case less than two years after serving a 46-month sentence for conspiracy to commit mail fraud in *United States v. Geis*, No. 3:00-CR-324-M(01) (N.D. Tex. Sep. 28, 2000).

antipsychotic medication which clouded his judgment." (*Id.*) Following his conviction, Movant diligently worked to obtain documentation and information to establish his innocence and invalidate his guilty plea, yet "the government and the court system . . . impeded his efforts." (*Id.*)

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Patterson*, 211 F.3d at 930-31 (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). In *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085 (2007), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.

At the outset, the court notes that Movant requests equitable tolling on the basis of events that arose *before* the date on which his conviction became final. He alleges that defense counsel and government's misconduct coerced him to plead guilty and that, throughout his criminal proceeding, he suffered from "mental problems" for which he took strong anti-psychotic medication which affected his ability to make decisions. It is axiomatic that events that precede the finality of a conviction are irrelevant for purposes of equitable tolling.

To the extent Movant relies on his actual innocence, his request for equitable tolling fares not better. The one-year limitations period contains no explicit exemption for litigants claiming actual innocence of the crimes of which they have been convicted. Moreover, actual innocence is relevant to the timeliness of a federal petition only if it justifies equitable tolling of the limitations period  *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *accord Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002). In this case, Movant has not presented reliable new

evidence that establishes his actual innocence of the underlying crime. *See Schlup v. Delo*, 513 U.S. 298, 329, 115 S. Ct. 851 (1995); *see also Bousley v. United States,* 523 U.S. 614, 118 S. Ct. 1604 (1998) (addressing actual innocence claim in context of guilty plea). Neither the memorandum in support of the § 2255 motion, nor the affidavit in response to the order to show cause, outlines the alleged newly discovered evidence.

Next, Movant relies on his alleged mental impairment to support his equitable tolling request. This claims likewise fails. Movant concedes the alleged over medication with Zyprexa (which heavily sedated him, causing him to sleep up to 16 hours a day) lasted at the most through July 2007, only two and one-half months after his conviction became final. With respect to his purported depression, Movant states that it did not extend beyond December 2007, leaving him over four and one-half months to prepare a § 2255 motion before the expiration of the one-year period. (Nov. 25, 2009 Affid. at ¶¶ 4-8, and ¶¶ 11-12.) Moreover, Movant's pleadings are devoid of any allegation that his mental condition limited or altogether barred him from pursuing his legal rights under § 2255. The Presentence Report (PSR) and Dr. Emily Fallis' expert evaluation, prepared shortly before sentencing, merely confirm the existence of Movant's Bipolar Disorder. (*See* PSR ¶ 53, and Apr. 4, 2007 Mot. for Downward Departure on the basis of diminished capacity at 2-4.)[2]

A habeas petitioner must allege more than the mere existence of a physical or mental ailment to invoke the equitable tolling of the AEDPA's statute of limitations. A habeas petitioner has the burden of showing that his physical or mental health problems rendered him or her unable to file a habeas petition during the one year limitations period. *Alexander v. Cockrell,*

---

[2] The PSR in Movant's prior criminal case, No. 3:00cr324-M(01), does not mention a mental impairment.

294 F.3d 626 (5th Cir. 2002)(habeas petitioner has burden of proof concerning equitable tolling and must demonstrate rare and exceptional circumstances warranting application of doctrine).

In *Fisher v. Johnson,* 174 F.3d 710, 715-16 (5th Cir. 1999), the Fifth Circuit concluded that a 17 day period of hospitalization in a psychiatric facility did not warrant tolling where the petitioner still had over six months to complete the petition. In *Roberts v. Cockrell*, 319 F.3d 690, 695 (5th Cir. 2003), the Fifth Circuit rejected the petitioner's argument that tolling should apply where he was hospitalized 13 times in a one year period. The Fifth Circuit concluded that the petitioner failed to supply "the necessary details concerning his hospitalizations, such as when and for how long and at what stage of the proceedings they occurred, so as to allow a determination of whether they could have interfered with his ability to file his § 2254 application in a timely manner." *Id.*

Applying *Fisher* and *Roberts*, the court concludes that Movant has failed to supply the necessary details, such as when and how long he was mentally impaired during the one-year period, and how such impairment interfered with his ability to file a § 2255 application in a timely manner. The mere fact that Movant suffered from a mental ailment or depression during the one-year period is insufficient to toll the limitations period on equitable grounds. Movant must show that his medical/mental problems rendered him unable to pursue his legal rights during the relevant time period.

In his last ground, Movant asserts he is entitled to equitable tolling because he diligently worked to obtain documentation and information to establish fraud on the court, and because the government and the court system impeded his efforts. He refers to a letter dated November 6, 2008, addressed to Magistrate Judge Kaplan, which he claims was returned to him without an

5

investigation, appointment of counsel, or filing as a post judgment motion under Rule 60(b) or as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  (Aff. at ¶ 13(q)-(t).)

Diligent research, in and of itself, is insufficient to establish equitable tolling.  As the Supreme Court noted in *Lawrence v. Florida*, to be entitled to equitable tolling, a movant must show diligence in pursuing his habeas rights, as well as, "some extraordinary circumstance" that prevented timely filing.  549 U.S. 327, 336, 127 S.Ct. 1079, 1085.  Clearly, Movant's pleadings fail to meet this high standard.  Moreover, the majority of Movant's alleged diligent research occurred long after the one-year period expired, on May 11, 2008.  It is axiomatic that equitable tolling must be based on conduct that took place or at least began during the period a litigant is seeking to toll on equitable grounds.  *See e.g. United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) (attorney error or neglect occurred during one-year grace period); *United States v. Winn*, 292 F.3d 226, 228-229 (5th Cir. 2002) (attorney's allegedly misleading practices occurred during one-year period); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002) (two-year period during which attorney failed to pay $5 filing fee began before expiration of one-year statute of limitations).

The party seeking equitable tolling bears the burden of showing entitlement to such tolling.  *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).  Because Movant has not carried his burden to show that equitable tolling is warranted, the District Court in its discretion should refuse to apply equitable tolling.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 should be DISMISSED with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2255(f).

Signed this 2nd of March, 2010.

*[signature]*
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.